IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JARVEY JACOBS, JR.,
     Plaintiff,

vs.                                 Case No.: 3:13cv52/RV/EMT

WARDEN R. COMERFORD, et al.,
     Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

This prisoner civil rights case is before the court upon the "Motion for Sanctions and Dismissal Based on Plaintiff's Failure to Disclose Prior Filings" filed by Defendants R. Comerford, W.D. Rummel, S. Enfinger, J. Beem, D. Austin, and C. Wilson (doc. 46). Plaintiff has responded in opposition to the motion.[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b). Upon consideration, for the reasons given below the court recommends that Defendants' motion be granted and that this action be dismissed. The court further recommends that Plaintiff's numerous pending motions (*see* docs. 22, 43, 49, 52, 53, 54, and 55) be denied, either on their merits or as moot in light of the instant recommendation of dismissal.

I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, a Florida Department of Corrections ("FDOC") inmate, commenced this action on or about January 30, 2013, by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1). In his amended complaint, which was filed on July 1, 2013, Plaintiff asserts that Defendants R. Comerford,

---

[1] Plaintiff filed an initial response (doc. 48) to Defendants' motion before filing an amended response (docs. 51-1, 51-2, and 51-3). As Plaintiff submitted the amended response within the thirty days allotted in the court's August 12, 2013, order (doc. 47), the court shall not require him to obtain leave to file an amended response. Plaintiff's motion for leave to amend the response (doc. 51) therefore is denied as moot. To the extent Plaintiff's amended response is relevant to Defendants' motion, it is the response considered by the court.

W.D. Rummel, S. Enfinger, J. Beem, D. Austin, and C. Wilson violated his rights under the Eighth and Fourteenth Amendments (doc. 39).[2]  All six Defendants have been served with process (*see* docs. 23–27, 42).  On August 8, 2013, Defendants moved to dismiss this action, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), arguing that Plaintiff abused the judicial process by failing to completely disclose his state litigation history (doc. 46).  Defendants also seek to have a strike imposed as a sanction for Plaintiff's abusive conduct, pursuant to 28 U.S.C. § 1915(g).[3]  In addition to filing a response to Defendants' motion, Plaintiff seeks leave of court to file a second amended complaint that includes a "Previous Lawsuits" section that "add[s] three cases that he mistakenly overlooked" (doc. 49 at 1).[4]

## II.    STANDARD OF REVIEW

The federal statutes governing proceedings in forma pauperis provide, in relevant part, that the court shall dismiss a case at any time if the court determines that the action is malicious.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).  A prisoner plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915(e)(2)(B)(i).  *See* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *see also, e.g.*, Harris v. Ci, No. 11-14690, 2012 WL 5907451, at *1–2 (11th Cir. Nov. 27, 2012) (unpublished) (dismissal of action without prejudice for abuse of judicial process was warranted where inmate made no attempt to disclose his prior cases

---

[2]  The lengthy allegations in the amended complaint pertain to the use of force against Plaintiff in November 2012 with chemical agents and subsequent related events involving various conditions of his confinement (including the medical care Plaintiff received after the incidents, the failure to take steps to prevent Plaintiff from self-harming, and the strip-cell conditions to which Plaintiff was subjected) (*see* doc. 39 at 11–29).  Plaintiff also alleges that he was denied due process in connection with the deprivation of his property and placement in a strip-cell (*id.* at 21) and that some of his records were falsified (*see, e.g., id.* at 16).  *Inter alia*, Plaintiff seeks as relief punitive, compensatory, and nominal damages; a declaratory judgment; and an injunction (*id.* at 23).

[3]  Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action in forma pauperis unless he or she is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

[4]  The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

in his original and amended complaints); <u>Jackson v. Fla. Dep't of Corr.</u>, No. 11-16047, 2012 WL 4711583, at *2 (11th Cir. Oct. 4, 2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service); <u>Redmon v. Lake Cnty. Sheriff's Office</u>, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while he was a prisoner constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action, since prisoner's misrepresentation was not excused by his explanation that he misunderstood complaint form on which he represented, under penalty of perjury, that he did not file any prior lawsuits with similar facts or otherwise relating to his imprisonment or condition of imprisonment); <u>Shelton v. Rohrs</u>, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions; even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous lawsuits); <u>Young v. Sec'y for Dep't of Corr.</u>, 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit sua sponte for not disclosing all of information that was known to him with regard to his prior cases, even though prisoner could not afford to pay copying and certification costs charged by Florida state courts and he no longer had documents necessary to answer fully due to Florida Department of Corrections rule prohibiting possession of "excess legal material"); <u>Hood v. Tompkins</u>, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits was not an abuse of discretion, even though inmate conceded in his objections to magistrate judge's report and recommendation that his disclosures were incomplete; to allow inmate to continue with suit would have served to overlook his abuse of judicial process).

In general, a dismissal without prejudice does not amount to abuse of discretion. *See* <u>Dynes v. Army Air Force Exch. Serv.</u>, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a

dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. *See* Kotzen v. Levine, 678 F.2d 140, 140 (11th Cir. 1982).

III.     DISCUSSION

Section IV of the court's complaint form, which is titled "**PREVIOUS LAWSUITS**," requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (*see* doc. 39 at 4–9).  Question A of Section IV asks, "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?" (*id.* at 4).  On the amended complaint form, in the parenthetical area for answering "yes" or "no," Plaintiff marked "yes" (*id.*).  He then identified one case, Jacobs v. Gielow, Case No. 10-1778-CA01-OTH, which he states was filed in the First Judicial Circuit of Florida in March of 2011[5] (*id.*).  Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 5).  Where there is a parenthetical area to mark either a "yes" or "no" answer, Plaintiff marked "yes" (*id.*).  Question C continues, "If YES, describe each action in the space provided below.  If more than one action, describe all additional cases on a separate piece of paper, using the same format as below." (*id.*).  Plaintiff then disclosed the following two cases: Jacobs v. Mathews, Case No. 04-2010-CA-0035, filed in May of 2010 in the Eighth Judicial Circuit of Florida (*id.*), and Jacobs v. Singer, Case No. 04-2010-CA-63, filed in January of 2010, also in the Eighth Judicial Circuit (*id.* at 6).[6]

---

[5]     The court takes judicial notice that this case in fact was filed in December 2010.  *See* http://www.santarosaclerk.com (database maintained by Santa Rosa County Clerk of Court ) (last viewed October 29, 2013).  *See also* Fed. R. Evid. 201 (governing judicial notice of adjudicative facts); United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); and United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).

[6]     Question B of Section IV asks, "Have you initiated other actions **federal court** dealing with the same or similar facts/issues involved in this action" (*id.* at 8).  Where there is a parenthetical area to mark either a "yes" or "no" answer to Question D, Plaintiff marked "yes," and he identified Jacobs v. Watson, Case No. 3:12cv302/MCR/CJK

Thus, on the amended civil rights complaint form Plaintiff stated that, other than the three disclosed state cases, he had <u>not</u> initiated any actions in state court that dealt with the same or similar facts/issues involved in this action or that related to the fact or manner of his incarceration or the conditions of his confinement. At the end of the form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (doc. 39 at 23). Plaintiff also signed the initial complaint under penalty of perjury, and the responses he provided to the questions concerning his prior litigation history are identical to those he gave on the amended complaint.

The court takes judicial notice of three additional cases that Plaintiff filed in 2012 in the First Judicial Circuit in and for Santa Rosa County, Florida: <u>Jacobs v. Carpenter</u>, Case No.: 2012-CA-738 (seeking injunction for protection against sexual violence; court granted motion for voluntary dismissal); <u>Jacobs v. Tifft</u>,[7] Case No.: 2012-CA-740 (seeking injunction for protection against sexual assault; court granted motion for voluntary dismissal); and <u>Jacobs v. Comerford</u>, Case No. 2012-CA-1220 (seeking writ of mandamus; court dismissed case following denial of Plaintiff's indigency request).[8] Plaintiff was an inmate at the time he filed each of these cases,[9] and it is evident that the cases relate to the fact or manner of his incarceration or the conditions of his confinement (e.g., in

_____

(*id.*). On a continuation page, Plaintiff also identified <u>Jacobs v. Gielow</u>, Case No. 3:11cv520/LAC/EMT, as a case he had previously filed (*id.* at 7), although it is unclear to which question Plaintiff intended this case to be responsive. In any event, Plaintiff adequately disclosed the two cases he filed in federal court prior to bringing the instant action.

[7] In their motion Defendants identify the style of this case as <u>Jacobs v. Carpenter</u> (*see* doc. 46 at 5), but this appears to be a scrivener's error. The style, as shown on the Santa Rosa Clerk of Court's electronic docket sheet, is <u>Jacobs v. Tifft</u>. *See* http://www.santarosaclerk.com (last viewed October 29, 2013).

[8] *See also* http://www.santarosaclerk.com (last viewed October 29, 2013). In light of the court's ability to take judicial notice of Plaintiff's three additional cases as shown on state court dockets, it need not and does not consider the exhibits attached to Defendants' motion to dismiss (*see* docs. 46-1, 46-2, and 46-3). Accordingly, to the extent consideration of such materials might require conversion of the motion into a motion for summary judgment, conversion is not required here. *See* <u>Day v. Taylor</u>, 400 F.3d 1272, 1275–76 (11th Cir. 2005) (stating that a district court "generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint").

[9] *See* http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=1027276516 (last viewed October 29, 2013) (reflecting Plaintiff's receipt into FDOC custody on September 10, 2002, with a projected release date of June 21, 2017).

Case No. 2012-CA-1220, R. Comerford—whom Plaintiff names as a Defendant in the instant action and identifies as the Warden of Santa Rosa Correctional Institution—is the Defendant). Thus, Plaintiff was required to disclose these cases in response to Question C on the complaint form but failed to do so.

Defendants argue that dismissal of this action without prejudice is warranted for Plaintiff's failure to disclose all of his prior state actions. Plaintiff does not dispute that he failed to disclose cases to the court that he should have disclosed. He submits that he simply made a mistake in failing to identify all of his prior state cases on the complaint form and that his inadvertent error does not warrant the dismissal of this action (docs. 51-1, 51-2).

The information from Section IV of the complaint form assists the court in determining whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. Requiring disclosure of previously filed cases on the complaint form relieves the court of the time-consuming task of combing the dockets of state and federal courts to identify cases previously filed by the plaintiff. This administrative benefit would be lost if plaintiffs were relieved of the obligation of identifying all previously filed cases.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff knew that an accurate disclosure of his litigation history was required and that dismissal of the instant action could result from untruthful answers to the questions in Section IV of the complaint form.[10] Plaintiff failed to disclose three state cases he was required to disclose. If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the

---

[10] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* doc. 39 at 4).

form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false response to go unpunished, and the court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.

Plaintiff's effort to disclose the three previously undisclosed cases by filing an amended complaint which references them comes too late. Providing accurate information now does not excuse Plaintiff's earlier failure, in both the initial and amended complaints, to truthfully disclose his litigation history. *See* Harris v. Warden, 498 F. App'x 962, 964–65 (11th Cir. 2012) (unpublished) (affirming dismissal of inmate's 1983 action for abuse of process because he failed to disclose his litigation history in both his original and amended complaints, despite specific descriptions in the form complaint of the kinds of cases he was required to disclose; and inmate disclosed his prior cases only after the defendants alerted the court to inmate's relevant litigation history in a motion to dismiss); Hood, 197 F. App'x at 819 (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded "no" to the complaint form's question asking whether he had brought any other lawsuits dealing with facts other than those in his action, because he had in fact brought other lawsuits and the question was not ambiguous; "the district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process"); *see also* Brown v. Strength, No. CV 107-111, 2008 WL 319440, at *1–3 & n.2 (S.D. Ga. Feb. 1, 2008) (dismissing complaint without prejudice where inmate failed to fully disclose prior cases and explaining that plaintiff's motion for leave to amend the complaint was denied because "allowing plaintiff to amend his complaint to include the cases . . . would circumvent the Court's ability to manage its docket by imposing sanctions for providing false information about prior filing history.") (citing Hood, 197 F. App'x at 818); Beaton v. Grant, et al., Case No. 3:11cv419/LAC/EMT, docs. 10–13 (N.D. Fla. 2011) (district court adopted Report and Recommendation recommending dismissal as malicious, even though inmate sought to amend or supplement his complaint with the undisclosed information after the Report and Recommendation issued); Long v. Reyes, et al., Case No. 3:10cv365/RV/EMT, docs. 6, 8, 11, 13 (N.D. Fla.) (same);

Lancaster v. Bureau of Prisons, et al., Case No. 5:09cv283/RS/EMT, docs. 9–12 (N.D. Fla.) (same);
Jones v. State of Florida, et al., Case No. 3:09cv269/MCR/EMT, docs. 8, 12, 13 (N.D. Fla.) (same).
Accordingly, the court recommends that Plaintiff's "Emergency Motion to Amend to Correct Error"
(doc. 49) be denied.  Plaintiff's "Motion for This Court to Dismiss Defendants' 'Motion to Dismiss
and Motion for Sanctions' . . ." (doc. 55) should also be denied, as meritless.  Defendants were not
required to request the sanction of imposing a strike pursuant to 28 U.S.C. § 1915(g) separately from
the sanction of dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Nor does Fed. R. Civ. P. 61,
Harmless Error, provide sanctuary to Plaintiff for his abuse of the judicial process.

It is unfortunate that the court did not detect Plaintiff's untruthful responses earlier but, as
noted, the task of scouring state dockets to locate an inmate's previously filed cases is time-
consuming; to be sure, it is wasteful of the court's limited judicial resources, which is why the court
must insist that prisoner plaintiffs provide it with truthful, complete information about their prior
litigation history.  In any event, the delay in detecting Plaintiff's untruthful responses does not preclude
dismissal of this action as malicious at this stage of the litigation.  The court therefore recommends
that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with
true factual statements or responses is to dismiss this cause without prejudice.  See Spires, No.
3:00cv249-RH, Dismissal Order, doc. 10 (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice
is not too severe a sanction under these circumstances.").  Plaintiff is also warned that such false
responses, filed herein or filed in the future, will not be ignored and may result in more severe and
long-term sanctions.  See Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro
se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

For all of the foregoing reasons, this court recommends that Defendants' "Motion for Sanctions
and Dismissal Based on Plaintiff's Failure to Disclose Prior Filings" (doc. 46) be granted, without
prejudice.  Dismissal should be pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and result in the imposition
of a "strike" under 28 U.S.C. § 1915(g).  Plaintiff's "Emergency Motion to Amend to Correct Error"
(doc. 49) and his "Motion for This Court to Dismiss Defendants' 'Motion to Dismiss and Motion for
Sanctions' . . ." (doc. 55) should be denied on their merits; the remainder of Plaintiff's pending
motions (docs. 22, 43, 52, 53, and 54) should be denied on the ground they are moot.

Accordingly, it is **ORDERED**:

That Plaintiff's motion to amend his response to Defendants' motion to dismiss (doc. 51) is **DENIED**, as moot.

And it is respectfully **RECOMMENDED**:

1.      That Defendants' "Motion for Sanctions and Dismissal Based on Plaintiff's Failure to Disclose Prior Filings" (doc. 46) be **GRANTED**, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and result in the imposition of a "strike" under 28 U.S.C. § 1915(g).

2.      That Plaintiff's "Emergency Motion to Amend to Correct Error" (doc. 49) be **DENIED**.

3.      That Plaintiff's "Motion for This Court to Dismiss Defendants' 'Motion to Dismiss and Motion for Sanctions' . . ." (doc. 55) be **DENIED.**

4.      That all other pending motions (docs. 22, 43, 52, 53, and 54) be **DENIED**, as moot.

5.      That the clerk be directed to close this file.

At Pensacola, Florida, this 30th day of October 2013.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**</u> **A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** <u>**United States v. Roberts**</u>**, 858 F.2d 698, 701 (11th Cir. 1988).**